SO. CAL. EQUAL ACCESS GROUP
Jason J. Kim (SBN 190246)
Jason Yoon (SBN 306137)
101 S. Western Ave., Second Floor
Los Angeles, CA 90004
Telephone: (213) 252-8008
Facsimile: (213) 252-8009
scalequalaccess@yahoo.com

Attorneys for Plaintiff
YEONG LEE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YEONG LEE,<br><br>                    Plaintiff,<br><br>        vs.<br><br>MYGD, INC. D/B/A KUNI SASHIMI<br>HOUSE; and DOES 1 to 10,<br><br>                    Defendants. | **Case No.:**<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATION OF:<br><br>1.  AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §12131 et seq.;<br><br>2.  CALIFORNIA'S UNRUH CIVIL RIGHTS ACT, CAL CIV. CODE §§ 51 - 52 et seq.;<br><br>3.  CALIFORNIA'S DISABLED PERSONS ACT, CAL CIV. CODE §54 et seq.<br><br>4.  CALIFORNIA'S UNFAIR COMPETITION ACT, CAL BUS & PROF CODE § 17200, et seq.<br><br>5.  NEGLIGENCE |

Plaintiff YEONG LEE ("Plaintiff") complains of Defendants MYGD, INC. D/B/A KUNI SASHIMI HOUSE; and DOES 1 to 10 ("Defendants") and alleges as follows:

//

//

//

COMPLAINT FOR DAMAGES - 1

## JURISDICTION AND VENUE

1.      The Court has jurisdiction of this action pursuant to 28 USC §1331 for violation of the Americans with Disabilities Act of 1990, (42 USC §12101, *et seq*.)

2.      Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operating facts, are also brought under California law, including, but not limited to, violations of California Civil Code §§51, 51.5, 52(a), 52.1, 54, 54., 54.3 and 55.

3.      Venue is proper in this court pursuant to 28 USC §1391(b). The real property which is the subject of this action is located in this district, Orange County, California, and Plaintiff's causes of actions arose in this district.

## PARTIES

4.      Plaintiff is a California resident with a physical disability.  Plaintiff is a transfemoral amputee below both of her right and left thighs.  Plaintiff requires the use of a wheelchair at all times when traveling in public.

5.      Defendants are, or were at the time of the incident, the real property owners, business operators, lessors and/or lessees of the real property for KUNI SASHIMI HOUSE ("Business") located at or about 7550 Orangethorpe Ave., Buena Park, California.

6.      The true names and capacities, whether individual, corporate, associate or otherwise of Defendant DOES 1 through 10, and each of them, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this Complaint when the true names and capacities have been ascertained.  Plaintiff is informed and believes and, based thereon, alleges that each such fictitiously named Defendants are responsible in some manner, and therefore, liable to Plaintiff for the acts herein alleged.

7.      Plaintiff is informed and believes, and thereon alleges that, at all relevant times, each of the Defendants was the agent, employee, or alter-ego of each of the other Defendants, and/or was acting in concert with each of the other Defendants, and in doing

the things alleged herein was acting with the knowledge and consent of the other Defendants and within the course and scope of such agency or employment relationship.

8.     Whenever and wherever reference is made in this Complaint to any act or failure to act by a defendant or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly and severally.

## FACTUAL ALLEGATIONS

9.     In or about December of 2021, Plaintiff visited the Business. The Business is a restaurant business establishment, which is open to the public, and is a place of public accommodation that affects commerce through its operation. Defendants provide parking spaces for customers.

10.     While attempting to enter the Business during each visit, Plaintiff personally encountered a number of barriers that interfered with her ability to use and enjoy the goods, services, privileges, and accommodations offered at the Business.  To the extent of Plaintiff's personal knowledge, the barriers at the Business included, but were not limited to, the following:

    a.     Defendants failed to comply with the federal standard for the restroom.  The restroom was not accessible and violated various American with Disability Act Accessibility Guideline ("ADAAG") requirements, including but not limited to:

    (i) improper toilet flush;

    (ii) toilet paper dispenser; and

    (iii) coat hook reach range

11.     These barriers and conditions denied Plaintiff the full and equal access to the Business. Plaintiff wishes to patronize the Business again.  However, Plaintiff is deterred from visiting the Business because her knowledge of these violations prevents her from returning until the barriers are removed.

12.     Based on the violations, Plaintiff alleges, on information and belief, that there are additional barriers to accessibility at the Business after further site inspection. Plaintiff seeks to have all barriers related to her disability remedied.  *See Doran v. 7-Eleven*, *Inc*. 524 F.3d 1034 (9th Cir. 2008).

13.     In addition, Plaintiff alleges, on information and belief, that Defendants knew that particular barriers render the Business inaccessible, violate state and federal law, and interfere with access for the physically disabled.

14.     At all relevant times, Defendants had and still have control and dominion over the conditions at this location and had and still have the financial resources to remove these barriers without much difficulty or expenses to make the Business accessible to the physically disabled in compliance with ADDAG and Title 24 regulations.  Defendants have not removed such barriers and have not modified the Business to conform to accessibility regulations.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

15.     Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

16.     Under the Americans with Disabilities Act of 1990 ("ADA"), no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation.  *See* 42 U.S.C. § 12182(a).

17.     Discrimination, *inter alia*, includes:

      a.     A failure to make reasonable modification in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of

such goods, services, facilities, privileges, advantages, or accommodations.  42 U.S.C. § 12182(b)(2)(A)(ii).

b.    A failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.  42 U.S.C. § 12182(b)(2)(A)(iii).

c.    A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, and transportation barriers in existing vehicles and rail passenger cars used by an establishment for transporting individuals (not including barriers that can only be removed through the retrofitting of vehicles or rail passenger cars by the installation of a hydraulic or other lift), where such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).

d.    A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path or travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope.  42 U.S.C. § 12183(a)(2).

18.     Toilet flush controls shall be hand operated or automatic. Hand operated flush controls shall comply with 309.  Flush controls shall be located on the open side of the water closet.  2010 ADA Standards § 604.6.

19.     Here, Defendants failed to install a proper flush control as the one provided was not installed on the open side.

20.     Toilet paper dispensers shall comply with 309.4 and shall be 7 inches (180 mm) minimum and 9 inches (230 mm) maximum in front of the water closet measured to the centerline of the dispenser. The outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow.  2010 ADA Standards § 604.7.

21.     Here, Defendants failed to properly install a toilet paper dispenser in compliance with the Standards as the one provided was installed over 9 inches away.

22.     Coat hooks shall be located within one of the reach ranges specified in 308. Shelves shall be located 40 inches (1015 mm) minimum and 48 inches (1220 mm) maximum above the finish floor.  2010 ADA Standards § 603.4.  Where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground.   2010 ADA Standards § 308.2.1.  Where a clear floor or ground *space* allows a parallel approach to an *element* and the side reach is unobstructed, the high side reach shall be 48 inches (1220 mm) maximum and the low side reach shall be 15 inches (380 mm) minimum above the finish floor or ground.  2010 ADA Standards § 308.3.1.

23.     Here, Defendants failed to properly install coat hooks pursuant to the Standards as the one provided was installed more than 48 inches above from the ground.

24.     A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part.  28 C.F.R. 35.211(a).  By failing to

maintain the facility to be readily accessible and usable by Plaintiff, Defendants are in violation of Plaintiff's rights under the ADA and its related regulations.

25.     The Business has denied and continues to deny full and equal access to Plaintiff and to other people with disabilities.  Plaintiff has been and will continue to be discriminated against due to the lack of accessible facilities, and therefore, seeks injunctive relief to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.

## SECOND CAUSE OF ACTION
### VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

26.     Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

27.     California Civil Code § 51 states, "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

28.     California Civil Code § 52 states, "Whoever denies, aids or incites a denial, or make any discrimination or distinction contrary to Section 51, 515, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000) and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

29.     California Civil Code § 51(f) specifies, "a violation of the right of any individual under federal Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

30.    The actions and omissions of Defendants alleged herein constitute a denial of full and equal accommodation, advantages, facilities, privileges, or services by physically disabled persons within the meaning of California Civil Code §§ 51 and 52. Defendants have discriminated against Plaintiff in violation of California Civil Code §§ 51 and 52.

31.    The violations of the Unruh Civil Rights Act caused Plaintiff to experience difficulty, discomfort, or embarrassment.  The Defendants are also liable for statutory damages as specified in California Civil Code §55.56(a)-(c).

## THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA DISABLED PERSONS ACT

32.    Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

33.    California Civil Code § 54.1(a) states, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, loading places, places of public accommodations, amusement, or resort, and other places in which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

34.    California Civil Code § 54.3(a) states, "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages, and any amount as may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damages but in no

case less than one thousand dollars ($1,000) and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 54, 54.1, and 54.2.

35.     California Civil Code § 54(d) specifies, "a violation of the right of an individual under Americans with Disabilities Act of 1990 (Public Law 101-336) also constitute a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

36.     The actions and omissions of Defendants alleged herein constitute a denial of full and equal accommodation, advantages, and facilities by physically disabled persons within the meaning of California Civil Code § 54.  Defendants have discriminated against Plaintiff in violation of California Civil Code § 54.

37.     The violations of the California Disabled Persons Act caused Plaintiff to experience difficulty, discomfort, and embarrassment.  The Defendants are also liable for statutory damages as specified in California Civil Code §55.56(a)-(c).

<u>**FOURTH CAUSE OF ACTION**</u>

**UNFAIR COMPETITION ACT**

38.     Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

39.     Defendants have engaged in unfair competition, unfair or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising in violation of the Unfair Competition Act. Bus & Prof. Code §§ 17200 *et seq.*

40.     Defendants engage in business practices and policies that create systemic barriers to full and equal access for people with disability in violation of state and federal law.

41.     The actions and omissions of Defendants are unfair and injurious to Plaintiff, a consumer of the Business' goods and services.  As a result of Defendants' unfair business practice and policies, Plaintiff suffered injury in fact.  Plaintiff was not provided with goods and services provided to other consumers.  Plaintiff seeks relief

necessary to prevent Defendants' continued unfair business practices and policies and restitution of any month that Defendants acquired by means of such unfair competition, including profits unfairly obtained.

## FIFTH CAUSE OF ACTION

## NEGLIGENCE

42.     Plaintiff incorporates by reference each of the allegations in all prior paragraphs in this complaint.

43.     Defendants have a general duty and a duty under the ADA, Unruh Civil Rights Act and California Disabled Persons Act to provide safe and accessible facilities to the Plaintiff.

44.     Defendants breached their duty of care by violating the provisions of ADA, Unruh Civil Rights Act and California Disabled Persons Act.

45.     As a direct and proximate result of Defendants' negligent conduct, Plaintiff has suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief and judgment against Defendants as follows:

1.     For preliminary and permanent injunction directing Defendants to comply with the Americans with Disability Act and the Unruh Civil Rights Act;

2.     Award of all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts, according to proof;

3.     Award of all reasonable restitution for Defendants' unfair competition practices;

4.     Reasonable attorney's fees, litigation expenses, and costs of suit in this action;

5.     Prejudgment interest pursuant to California Civil Code § 3291; and

6.     Such other and further relief as the Court deems just and proper.

//

1

## **DEMAND FOR TRIAL BY JURY**

2

      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby

3

demands a trial by jury on all issues so triable.

4

5

Dated:  February 4, 2022         SO. CAL. EQUAL ACCESS GROUP

6

7

8

By:   _/s/ Jason J. Kim_____

9

Jason J. Kim, Esq.

Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28